

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| WILLIE BUTLER, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:14-1239-MGL-SVH |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REVERSING AND REMANDING DEFENDANT'S FINAL DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision to deny Plaintiff's claim for DIB be reversed and remanded for further proceedings as set forth within the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 17, 2015, and Defendant filed her reply to the Report on April 29, 2015, stating that she would not be filing any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff filed his application for DIB on October 23, 2012, stating that his disability commenced on September 14, 2012. His application was denied initially and upon reconsideration. Plaintiff then requested a hearing, which the Administrative Law Judge (ALJ) conducted on September 26, 2013. On October 25, 2013, the ALJ held that Plaintiff held that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review. Accordingly, the ALJ's decision became Defendants final decision for purposes of judicial review. On April 3, 2014, Plaintiff filed this suit seeking judicial review of Defendants final decision.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision to deny Plaintiff's claim for DIB is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Signed this 11th day of May, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE
